IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| CFR, a minor, appears by his Adoptive Mother, Lisa Reynolds, as next friend, And by his Attorney, John Ivan, *Plaintiff,* | ) ) ) ) ) |
|  | ) CASE NO. |
| v. | ) ) |
| OLATHE SCHOOL DISTRICT (USD 233) ANJANETTE TOLLMAN, MATT KUNSTMAN, JUSTIN HOWE, DENISE HERMAN, JOHNATHAN LYNK, KRIS DIDEON, DR. BRENT YEAGER, and JIM MCMULLEN , *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) |

COMPLAINT

Plaintiff CFR, a minor, by and through his mother and Next Friend, Lisa Reynolds, and by his attorney, John Ivan, states and alleges as follows:

**I. PARTIES**

1. **Plaintiff CFR** is a minor child residing in Johnson County, Kansas. He brings this action through his mother, **Lisa Reynolds**, as Next Friend.

2. **Defendant Olathe School District (USD 233)** is a public school district organized under Kansas law and receiving federal financial assistance. It is subject to Title IX, the ADA, §504 of the Rehabilitation Act, and the Kansas Tort Claims Act.

3. **Defendants Anjanette Tollman, Matt Kunstman, Justin Howe, Denise Herman, Johnathan Lynk, Kris Dideon, Dr. Brent Yeager, and Jim McMullen** were, at all

1

relevant times, employees, administrators, or officials of USD 233 acting under color of state law within the scope of their employment.

4. All individual defendants are sued in their **individual and official capacities**.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under **28 U.S.C. §1331** because Plaintiff asserts claims arising under **Title IX (20 U.S.C. §1681), the ADA (42 U.S.C. §12132), §504 of the Rehabilitation Act (29 U.S.C. §794), and 42 U.S.C. §1983**.

6. The Court has supplemental jurisdiction over Plaintiff's state-law claims under **28 U.S.C. §1367**.

7. Venue is proper in this District under **28 U.S.C. §1391(b)** because all events giving rise to the claims occurred within the District of Kansas, and Defendants reside and operate within this District.

## III.    SERVICE OF PROCESS

8. Olathe School District (USD 233), through its' Board of Education, can be served at 14160 Black Bob Road, Olathe, Kansas, 66062.

9. Anjanette Tollman can be served at her office at Oregon Trail Middle School, at 14160 Black Bob Road, Olathe, Kansas, 66062.

10. Matt Kunstman can be served at his office at 14160 Black Bob Road, Olathe, Kansas, 66062.

11. Justin Howe can be served at his office at 14160 Black Bob Road, Olathe, Kansas, 66062.

12. Denise Herman can be served at her office at 1800 W. Dennis Avenue, Olathe, Kansas, 66061.

13. Johnathan Lynk can be served at his office located at 21300 College Boulevard, Olathe, Kansas 66061.

14. Kris Dideon can be served at 21300 College Boulevard, Olathe, Kansas 66061.

15. Dr. Brent Yeager can be served at 14160 Black Bob Road, Olathe, Kansas 66062.

16. Jim McMullen can be at served at 14160 Black Bob Road, Olathe, Kansas 66062.

## IV. FACTUAL ALLEGATIONS

17. At all relevant times, Plaintiff CFR was a student enrolled in a middle school within the Olathe School District.

18. CFR is a child with documented disabilities requiring accommodations under the ADA and §504, including but not limited to specialized accommodation for his Severe ADHD, safety planning, and individualized educational supports, accommodating interventions for proper care for his Severe ADHD, Panic, Depression, Agoraphobia, PTSD, School Avoidance, Self-harm and Suicidal Ideation.

19. Defendants were aware of CFR's disabilities, his need for accommodations, and his vulnerability to harm since Kindergarten, and was his mistreatment, isolation, traditional punishment and misinterpretation of his behaviors, and his failure to complete schoolwork over which he had no control because of his Severe ADHD.

20. Defendants failed to implement proper ADHD Intervention Accommodations, and further failed to follow safety protocols, and acted with deliberate indifference to CFR's disability-related needs and the harm he suffered which caused the Plaintiff irreparable harm caused by the Defendant's oversight.

21. While under the supervision and control of Defendants, CFR was subjected to **sexual assault and abuse** by another student, **C.M.**, during school hours and on school

3

premises.

22. Prior to the assault, Defendants had notice of C.M.'s dangerous behavior, prior misconduct, and risk to other students, including CFR.

23. Defendants failed to take reasonable steps to supervise, separate, monitor, or protect CFR from C.M., despite repeated warnings and foreseeable risk.

24. At Oregon Trail Middle School in the Olathe School District, from August, 2021-April, 2023, CFR was a victim of sexual assaults, and sexual abuse, and sexual harassment by a same age peer, CM, in the common area of the mandatory assigned boy's bathroom. CFR was eleven (11) to thirteen (13) years old. The more than 100 incidents of sex crimes by CM caused CFR Severe Mental Illness, including repeated desire to commit suicide with specific plans, cutting his arms with sharp objects, emotional dysregulation, meltdowns/shutdowns, ADHD paralysis, isolation, depression, anxiety, panic disorders, and agoraphobia. CFR's health care team also diagnosed him with PTSD, exacerbated by his severe ADHD. In late 2022, CFR's primary care provider, who treated him since infancy reported she had never seen child's mental health decline so rapidly and severely. The sexual assaults and abuse to CFR by CM were unknown to CFR's parents and medical providers at that time.

25. In addition to the sexual assaults and abuse committed by CM, also included the crime of indecent exposure, by dropping his pants/underwear to his ankles, exposing his penis to CFR and other students, while aggressively approaching CFR and others exposing himself attempting to touch them with his hand/penis, while masturbating, and stating phrases like "check this out." CFR assumed CM was attempting to involve him in a sexual act. CM

4

may be diagnosed with Autism, although Olathe School District denies that CM was in the Autism Program, per a response to a formal complaint by CFR's mother in May, 2023.

26. Affidavits obtained from fellow students of CFR, confirmed daily incidents of repeated sex assaults and abuse toward CFR and other students, starting in elementary school. Students repeatedly reported CM's sexual conduct to staff, teachers, and administration personnel concerning CM's actions, and were told to simply "deal with it." CM's actions were perceived by CFR as threatening, stressful, traumatic, and beyond disturbing. Defendants affirmatively established a policy placing CM's right to use the bathroom as more important than the harm CM directly caused to CFR, and to avoid bad publicity for the school. These sex crimes are reportedly still occurring at Olathe West High School.

27. Defendants, as mandatory reporters of child abuse, admitted they knew about CM's reported wrongful conduct, but avoided knowing the details, as a matter of policy, and therefore did not report these numerous reports of sexual assaults by CM, to a Title IX or ADA Representative, The DCF Representative or Law Enforcement.

28. In retrospect, as early as September, 2021, CFR's mental health began to decline. By September, 2022, CFR began to shut down at school, with growing inability to participate in school instruction. Shortly thereafter, CFR was determined by his medical providers to be three (3) or four (4) years behind his maturity. Mrs. Reynolds arranged for numerous team and IEP meetings to discuss CFR's decline, not knowing yet about the sex crimes. CFR experienced a severe mental health breakdown in early March, 2023, unable to attend school for two (2) weeks, crying/shaking, unable to eat or get out of bed. CFR engaged in self-injury and suicidal ideation. CFR wanted to return to school. due to missing his friends, but would only attend half days, reporting that he did not want to use the bathroom

at school. He was unable to provide further explanation upon questioning by his parents., which were blocked by his ADHD Paralysis, over which he had no control.

29. The sex assaults were revealed in April, 2023, after CFR defended himself, and documented the crimes against him by taking a photo of CM's buttocks, after CM approached him masturbating and trying to touch him. Dozens of students also took photos. The SRO officer and administration conducted an investigation at Mrs. Reynolds' insistence, but the investigation was one-sided.

30. CFR's Right to Due Process were violated when he was interrogating without a parent or attorney present. At age thirteen (13), CFR's rights were also statutorily violated. CFR was accused by the SRO Officer of being the wrongdoer, and stated (paraphrased) "It's your fault, if someone commits suicide," and "you can be arrested for child pornography" for taking the photo of CM.

31. CFR received a long-term suspension. The Olathe School District is believed to have collaborated with the Johnson County District Attorney's office to have CFR charged with Felony, Breach of Privacy, nine months later, after denying his mother's request and recommendations, to stop the sexual assaults by CM on CFR and others. At the meeting between CFR and law enforcement with his mother present, they were not advised of their right to appeal or request a Due Process Hearing, even to the State Board of Education. This constituted a violation of CFR's Constitutional Rights to Due Process.

32. CFR was homeschooled by his mother starting April, 2023. CFR was a premier athlete in baseball, hockey, and soccer, but is now unable to participate due to his Severe Mental Illness. CFR's Mental Illness claimed to be directly caused by the Defendants repeated deliberated indifferences by Olathe School District to the sexual assaults on CFR. CFR

6

believed Olathe School District had affirmatively adopted a policy sanctioning CM's conduct.

33. To date, CFR continues to suffer from Severe Mental Illness. He is at a high risk for self-injury and has suicidal ideation. He cannot be left alone without a parent's surveillance. CFR only leaves the house 1-2 times per week with close parent accompaniment. He severely struggles to go to medical/dental visits and refuses to use a public bathroom. CFR's parents pick up friends to visit him at home. His primary care provider recently stated consideration may be necessary for an Adult Guardianship if CFR's Severe Mental Illness does not improve.

34. Teachers and Administrators at the Oregon Trails Middle School, however, were in lockstep with the school Administration by affirmatively placing a higher priority on CM's right to use the bathroom over the harm CM's lewd conduct was causing CFR and others. The School District denied Lisa Reynolds' complaints and her requests for a Certified ADHD Specialist for the IEP Programs, and to train the teachers and to established tested interventions for CFR and others with ADHD.

35. It is believed and claimed there are more than 100 victims of CM's sexual assaults. CFR enjoyed being around his friends, and pursuing a free and safe public education, which CFR claimed has been denied.

36. Plaintiff is disabled; Plaintiff was sexually assaulted and abused by a fellow student over 100 times; CFR was not afforded protection under Title IX; the ADA; §504of the Rehabilitation Act, or 42 U.S.C. 1983. CFR's Sever Mental Illness and Severe ADHD was exacerbated and was so severe and pervasive, that his access to a free public education was altered by the Defendant's deliberate indifference to his harm and the causes of such harm

7

which was affirmatively caused by the Defendants knowingly of the perpetrators sexual misconduct , and deliberately acted with total indifference to CM's wrongful conduct and the harm to CFR.

## V.    DEFENDANT'S FAILURE TO ACCOMMODATE CFR'S ADHD AND MENTAL HEALTH DISORDERS

37. ADHD is a Neurobiological Disorder identified in the DSM-5, and is considered a mental health disability under §504 of the Federal Rehabilitation Act.  For children with ADHD, their brains are underdeveloped including the Prefrontal Cortex impacting problem solving, and organizational skills, and the Amygdala responsible for emotional responses.  The ADHD brain has lower, erratic regulation of Neurotransmitter's including dopamine and norepinephrine, impacting reward processing, motivation, and sustained attention.  A typical brain conductivity occurs between the Frontal Cortex and deeper brain structures, responsible for problem solving, time management, emotional dysregulation, and impaired impulse control.  Children with ADHD are typically three to five years delayed in their brain processing.  For a child with ADHD, the impact of sexual assault, and trauma exacerbates the involuntary brain deficits and magnifies their perception of threats to their safety and well-being.

38. CFR was exposed to drugs in utero prior to birth.  Mr. and Mrs. Reynolds became his foster parents at three (3) days old, adopting him a year later.  CFR was diagnosed with ADHD in Kindergarten in the Olathe School District.  He was repeatedly punished, including separation from peers, exclusion from activities, visits to the principal's office, and sitting in the hallway.  His Kindergarten teacher told parents (paraphrased), "If it weren't for his behavior, he could be in the gifted program." Mrs. Reynolds requested an IEP evaluation frequently, but was denied the mandatory right to an evaluation for three

8

(3) years.   Olathe School District initially also denied special education services after an evaluation in third grade, but CFR was considered to be "too smart." The fact is that most assignments were completed at home, and CFR was only on-task thirty (30) percent of the time at school was not considered.   After further requests, CFR did receive special education services and was also diagnosed with an Executive Functional Disorder.

39.  During fourth (4) grade (2019-2020), CFR's teacher became frustrated with him, embarrassing him in front of peers on a daily basis.  After COVID home restrictions, the special education teacher had to research Executive Functioning Interventions, since the Olathe School District did not have any in place.  This was attributed to the claim Olathe School District failed to recruit an ADHD Certified Specialist.

40.  CFR's IEP goals were for task completion, yet Olathe School District did not provide Interventions to increase his independence in task completion, and failed to track his task completion.  Instead Olathe School District continued to send all incomplete or missing assignments home.

41.  In September, 2022, after the sexual assaults had long been occurring, CFR was mentally shutting down at school.  Staff recommended he be removed from class and sent to in-school suspension, since he required too many redirections.  Mrs. Reynolds continued to request Olathe School District to retain an ADHD Specialist, Olathe School    District refused.   By this time, another teacher was failing CFR, and refusing to make IEP Accommodations, stating "He needs to learn the natural consequences of his laziness." Olathe School District claimed failures were made clear by starting a new PBIS system with "Conduct Cards" directly aimed at CFR.  This program is claimed to have embarrassed CFR for receiving negative marks for not following directions or being tardy.

9

This system would lead to detention of CFR after 8 marks. Through Mrs. Reynolds opposing to the "Conduct Cards" the program was withdrawn.

42. In February, 2023, Mrs. Reynolds met with John McMullen, who was at the time the Director of Middle Schools, and Anjanette Tolman, the Executive Director of Services. At that time, Mrs. Reynolds did not know her son had been or was being sexually assaulted. The sexual assaults by CM were revealed in April, 2023, after CFR defended himself by documenting the crimes against him by taking a photo of CM's buttocks after CM approached him masturbating and trying to touch CFR. Dozens of students took photos of CM.

## VI. PLAINTIFF'S CLAIMS FOR RELIEF FROM DEFENDANTS' AFFIRMATIVE CONSTITUTIONAL AND STATUTORY VIOLATIONS

43. Plaintiff Incorporates all of the preceding paragraphs as to all of its Claims for Relief. U.S.D. 233 is subject to Title IX (20 U.S.C. §1681; §504 of The Rehabilitation Act (29 U.S.C/ §794; Due Process and Equal Protection Violations under 42 U.S.C. §1983; and the Kansas Tort Claims Act for willful and wanton disregard and deliberate indifference owed CFR as a legal duty for reasonable care, accommodations for disability and protection.

44. The Defendant's willful and wanton violations and failures directly and proximately caused the damages and harm set forth hereinafter in Plaintiff's Prayer for Relief. These violations and breach of legal duties occurred during school hours and on school premises.

45. Defendants acted with willful and wanton, and deliberate indifference in violating Title IX Protections, which would have provided CFR with a safe, educational environment and would have allowed him free and public education. Defendants are claimed in this lawsuit to have violated Federal Law and CFR's Constitutional Rights:

46. Defendants affirmatively adopted policies to prevent interventions by teachers and

10

administrative personnel from investigating at stopping CM's disgusting sexual assaults toward CFR, and others. These sexual assaults occurred in the mandated bathroom for all male students enrolled in the same grade. Oregon Trails Teachers were in "lockstep" in stonewalling student complaints of CM"s disgusting sexual conduct, with a simple statement, "just deal with it:.

47. Defendant's knowingly and affirmatively executed policies denying CFR's mother's request and recommendations for professional interventions and plans to assist CFR and others in dealing with and managing their ADHD. Mrs. Reynold recommendation for an ADHD Specialist was denied. Olathe District School was deliberately indifferent to Mrs. Reynolds' suggestions.

48 Mrs. Reynolds recommendations to establish positive and rewarding programs for CFR to replace traditional punishments which were causing him mental harm, were affirmatively rejected by Olathe School District. Such denial is claimed to have CFRs to constitute a deliberate indifference for the embarrassment, isolation, and mental harm which were stunting CFR's growth in maturity and educational programs.

49. Defendants affirmatively failed to comply with Title IX requirements for accommodating CFR's disabilities, which violated his Constitutional Rights to a free, fair, and productive education. Instead, Olathe School District continued to allow IEP to retraumatize CFR by misinterpreting the Involuntary cause of his behavior and difficulty in completing school assignments. Personnel of Olathe School District mistakenly considered CFR has being lazy, and continued to be uninformed concerning the Involuntary Neurological Brain Deficiency which caused CFR's behaviors being his Severe ADHD

50. Defendants affirmatively failed to coordinate Title IX with other disability

11

Services, and § 504 of the Federal Rehabilitation Act.

51. Defendants affirmatively refused services requested in CFR"s behalf to recruit ADHD Specialists to design Accommodations for CFR's ADHD and his Severe Mental Health Disabilities Instead, Olathe School District is claimed to have directly engaged in a policy of willful, wanton, and deliberate indifference to such requests.

52.Defendants are claimed to have failed in providing measures to protect CDE from harsh discipline and punitive treatment throughout his educational experience in schools within the Olathe School District. As a direct result, establishing an affirmative policy of stonewalling requests for positive accommodations has directly caused CFR decline in mental health, leading to a determination of his Severe Mentally Illness.

53. Defendants are claimed to have affirmatively violated CFR's Constitutional Rights to equal access to free public education, and to protect his safety and well-being. By appointing Justin Howe, former Principal at Oregon Trails Middle School to investigate the claimed sexual assaults on CFR, and to consider request for accommodations on his behalf, constituted a conflict of intertest since CM's disturbing sexual conduct was allowed under Justin How's "watch." This violates CFR's right to Due Process, and compromised the fairness and objectivity of the investigation, The investigation was not only incomplete, but it is also questionable whether an actual investigation even occurred. It was believed, that the "so-called} investigation could have been a deliberate cover-up for Olathe Schol District being healed liable for wrongfully sanctioning CM's sexual assaults.

54 CFR, with his disability as defined in the Rehabilitation Act of 1973, as amended, was claimed to be an affirmative failure of Olathe School District, which constituted deliberate indifference as to whether CFR's claim as a victim of sexual assaults was valid. It is

12

believed that Olathe School District stonewalled this issue in anticipation of the need to defend against a lawsuit under Federal and State Law.

55. Defendants affirmatively denied CFR information on the grievance process allowing an in-person hearing for testimony and evidencing opposing suspension. The Defendant's had actual knowledge of the sexual misconduct by CM toward CFR and others. Olathe School District implemented a strategy by responding with a deliberate indifference of the facts to cover-up the Olathe School District's decision to cover-up CM's wrongdoing and terror.

56. Defendants affirmatively failed to appoint a Title IX Representative to monitor the educational programs to determine if there were barriers to reporting sexual assaults.

57. When CFR was suspended for taking a photo of CM's buttocks as evidence of his victimization by CM's sexual assaults, CFR had been stifled by his ADHD Paralysis, shutting down his ability to communicate his plight. CFR and his parents were not advised of his right to an Appeal or request a Denovo Hearing, and to appeal his suspension for a hearing before the State Board of Education. Defendant's failure to inform CFR of his due process rights violated his Constitutional Rights.

58. Defendant's affirmatively violated CFR's Constitutional and Statutory Rights, at age thirteen (13), by interrogating him while in a ADHD Paralysis, without a parent or attorney present, in an effort to denigrate CFR despite his disability, while showing deliberate indifference to CFR's mental illness and being the victim of over 100 sexual assaults, and by intentionally failing to investigate CM's perverted sexual crimes as a strategy to protect the school's public image, by claiming not to know all of the details of CM's perverted and disgusting sexual conduct.

13

59. In response to Mrs. Reynolds' request for a formal investigation into the sexual assaults on her son, the Defendant's retaliated by instigating a felony juvenile case against CFR for a Breach of Privacy, under a statute used to prosecute the most heinous sexual pedophiles, 9 ½ months after the photo incident. CFR claims this to be an effort to build the Olathe School Districts defenses by claiming violations under the Title IX, §504 of the Federal Rehabilitation Act, as amended, 42 U.S.C. § 1983, and a Kansas Tort Claim under the Kansas Tort Claim Act.

60. Defendant's affirmatively and indirectly sanctioned CM's sexual assaults and disgusting criminal conduct, and established a policy of oversight to avoid being accused of failing to intervene, and to assist CFR.

61. Defendants affirmatively deny CFR's request for Olathe School Districts assistance for him to better himself in handling and managing his ADHD, in order to preserve his Constitutional Rights to free public education. In handling his deliberate indifference to CFR's constitutional Right to free public education. CFR's wrongful treatment considering his ADHD went on for seven (7) years, despite countless requests by CFR's parents to correct the problem.

## VII.    VIOLATION UNDER THE KANSAS TORT CLAIM ACT

62. CFR gave notice to Olathe School District as required by the Kansas Tort Claim Act. Olathe School District did not respond, which is considered a denial.

63. CFR ADOPTS ALL OF THE STATEMENTS OF FACT CONCOERNING ALL CLAIMS set forth in herein above, in support of his claim for willful and wanton disregard and deliberate indifference to his repeated requests for protection from sexual assaults by CM, and to remove harmful and negative treatment of CFR, by Olathe School

14

District as a student with disabilities, and for failure to accommodate and manage his disability by involving an ADHD Certified Specialist to train teachers and help develop a

## VIII.   DAMAGES

64. CFR is claiming economic compensatory damages, and non-economic monetary damages, emotional distress, Pain, suffering, and Mental Anguish, Educational damages, punitive damages where allowed.  Attorney's fees under 42 U.S.C. §1988, and all other relief the Court deems fair and just. Constitutional Rights and protection from harm under Title IX, §504 of the Federal  Rehabilitation Act; 42 U.S.C.§ 1983, and willful and wanton violations as authorized under the Kansas Tort Claims Act.

65.  Constitutional Rights and protection from harm under Title IX, §504 of the Federal Rehabilitation Act; 42 U.S.C.§ 1983, and willful and wanton violations as authorized under the Kansas Tort Claims Act.

66. CFR is claiming monetary damages in the sum $200,000,000.00 for directly causing him to become Severely Mentally ill with prospects for the need of an adult Guardianship, which will result in damage to CFR's quality of life and a loss of his ability to realize his anticipated ability to produce high future earning's, and the loss of such ability, as a direct result of the Defendant's affirmative actions and inactions in causing harm and entitlement for economic and non-economic damages.

67. CFR also is claiming damages under Federal and State Law, such as intentional infliction of emotional pain, child endangerment, and defamatory character assassination, and for the harm to him physically and mentally, and for his loss of earning power directly caused by the Defendant's for reasons stated herein and above, and for his permanent

15

damages due to his mental illness, compounded by his adjudication as a criminal offender which was falsely instigated by the Olathe School District.

## X.  JURY DEMAND

68 Plaintiff demands a trial by jury on all issues so triable.

## XI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and award:

70.  Compensatory damages;

71  Emotional distress damages;

72. Punitive damages where permitted;

73. Attorney's fees and costs;

74.  Injunctive relief requiring proper accommodations and protections;

75.  Any other relief the Court deems just and proper.

*Respectfully submitted,*

*/s/ John Ivan*

John Ivan,      KS #06340/MO #47924
8600 Shawnee Mission Parkway, Suite 308
Shawnee Mission, Kansas 66202
(913) 384-0370 (Tel.)//(913) 384-0374 (Fax) Email:
Email:  johnivanlaw@yahoo.com
**ATTORNEY FOR PLAINTIFF**